Carol Lynn Finklehoffe. CA Bar No. 220309
LIPCON MARGULIES & WINKLEMAN
2800 Ponce de Leon Blvd., Ste. 1480
Coral Gables, FL 33134
Tel: 305-373-3016
Fax: 305-373-6204
Email: cfinklehoffe@lipcon.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES KRAJEWSKI, | CASE NO.: |
| Plaintiff, | **PLAINTIFF'S COMPLAINT** |
| vs. | **AND DEMAND FOR JURY TRIAL** |
| PRINCESS CRUISE LINES, LTD., a corporation for profit, | |
| Defendant. | |

Plaintiff, JAMES KRAJEWSKI brings this action individually.  This action is brought against Defendant PRINCESS CRUISE LINES, LTD. (hereinafter "PRINCESS"), for personal injuries sustained by Plaintiff JAMES KRAJEWSKI. Plaintiff, JAMES KRAJEWSKI seeks damages and demands a jury trial on all issues so triable against Defendant PRINCESS.

## Jurisdiction

1.    This action is an action under general maritime law and the laws of California, as applicable.

2.    The matter in controversy exceeds, exclusive of interests and costs, the

1

Complaint and Demand for Jury Trial

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Boulevard, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Boulevard, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

sum specified by 28 U.S.C. § 1332.  In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

3.    This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333, because PRINCESS unilaterally inserts a forum selection clause into its cruise tickets that requires its passengers to file cruise-related suits *only in this federal district and division,* as opposed to any other place in the world.

4.    Defendant PRINCESS, at all times material hereto, personally or through an agent:

    a.    Operated, conducted, engaged in, or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b.    Was engaged in substantial activity within this state;

    c.    Operated vessels in the waters of this state;

    d.    Purposefully availed themselves of the benefits of conducting activities in California by purposefully directing their activities toward the state, thereby obtaining the benefits and protections of the state's laws;

    e.    The acts of the Defendant set out in this Complaint occurred in whole or in part in this state and/or county;

    f.    The cruise line ticket for the Plaintiff requires that suit be brought in this Court against the named Defendant in this action.

### The Parties

5.    The Plaintiff was and is a resident of New Jersey.

6.    At all times material, Defendant PRINCESS was and is a for-profit corporation with its worldwide headquarters, principal address, and principal place of

2

Complaint and Demand for Jury Trial

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Boulevard, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

business located in the County of Los Angeles.

7.    At all times material, Defendant PRINCESS was and is a common carrier engaged in the business of marketing, selling, and operating cruise lines out of various ports throughout the world including, Los Angeles, California.

8.    At all times material, Defendant PRINCESS derived substantial revenue from cruises originating and terminating in various ports throughout the world including Los Angeles, California.

**General Allegations**

9.    At all times material, Defendant PRINCESS operated, managed, maintained, supervised, chartered, and/or controlled a large commercial vessel named *Grand Princess*.

10.    At all times material, Defendant PRINCESS transported fare-paying passengers on cruises aboard its vessel *Grand Princess*.

11.    At all times material, the *Grand Princess*, was in navigable waters.

12.    Defendant PRINCESS directly participated in and approved the designs and layouts and accepted for use the interior areas of the subject vessel, including the main stairwell in the atrium of the *Grand Princess.*

13.    Defendant PRINCESS established internal standards for the use and selection of flooring materials for various areas board its ships, including the subject staircase.  The internal standards included co-efficient of friction for flooring; changes in elevation including specifications for spiral/curving staircases, steps, treads and risers, nosing, lighting, and handrails; the placements of warnings and caution signs. Upon information and belief, these internal standards were created and/or approved by Defendant PRINCESS.

14.    Defendant PRINCESS is aware that many accidents occur from falls on changes of elevation, and specifically staircases, requiring design, layout, flooring, treads, risers, nosing, handrails, nosing, lighting, and warnings to alert passengers of

3

Complaint and Demand for Jury Trial

potentially hazardous and/or dangerous conditions.

15.    Defendant PRINCESS is aware that failure to have staircases properly designed, laid out, and maintained, and failure to properly alert/warn creates a hazardous condition if not executed properly, and leads to more injuries.  Defendant PRINCESS has therefore developed detailed rules, policies, and procedures (SMS policies and procedures) for these purposes, to minimize the risk of the very injury suffered by Plaintiff JAMES KRAJEWSKI as alleged.

16.    At all times material, Plaintiff JAMES KRAJEWSKI was a fare-paying passenger and lawfully aboard the vessel *Grand Princess*.

17.    On or about September 9, 2022, Plaintiff JAMES KRAJEWSKI was attempting to descend the grand staircase, a decorative curving/spiral marble staircase located in the main atrium.

18.    The spiral/curving nature of the staircase caused Plaintiff JAMES KRAJEWSKI to misstep and suffer serious, permanent, and debilitating injuries, including but not limited to, a torn quadricep and tendons requiring surgery.

19.    The hazardous and dangerous condition of the subject staircase was not open and obvious, nor were there any warnings or precautions provided to Plaintiff JAMES KRAJEWSKI.

## COUNT I

## NEGLIGENCE AGAINST DEFENDANT PRINCESS

Plaintiff, JAMES KRAJEWSKI, hereby incorporates by reference, as though fully set forth herein, paragraphs 1 through 19, and alleges as follows:

20.    At all times material, Defendant PRINCESS through its employees, servants, agents, and/or representatives acting within the course and scope of their employment, owed Plaintiff JAMES KRAJEWSKI a non-delegable duty to exercise reasonable care under the circumstances as required of an ocean common carrier for the safety of a fare-paying passenger.

4

Complaint and Demand for Jury Trial

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Boulevard, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

21.     Alternatively, at all material times, Defendant PRINCESS and/or their employees, engaged in certain affirmative undertakings, regarding the design, operation, and maintenance of common areas, including the subject staircase, and in doing so acquired a duty to exercise reasonable care in those undertakings.

22.     On or about September 9, 2022, Defendant PRINCESS and/or its agents, servants, and/or employees, breached its duty to provide Plaintiff JAMES KRAJEWSKI with reasonable care under the circumstances, and was negligent and careless by committing the following acts and/or omissions including but not limited to:

a.     Failing to provide the Plaintiff with reasonable care under the circumstances;

b.     Failing to provide the Plaintiff with a reasonably safe staircase;

c.     Failure to adequately inspect and maintain the subject staircase so that it could be used in a reasonably safe manner, free of dangerous and/or defective condition(s)

d.     Failure to adequately warn the Plaintiff of the dangerous and/or defective condition(s) of the subject staircase and the associated risks and/or dangers;

e.     Failure to adequately warn the Plaintiff of the hazard(s) posed to him, due to improper and/or inadequate design, maintenance, and/or inspection of the subject staircase;

f.     Failure to comply with industry standards designed to detect and eliminate potentially hazardous and dangerous conditions;

g.     Failing to identify, detect, eliminate, modify, and/or correct the unreasonably dangerous/defective condition(s) of the subject stairs;

h.     Failing to equip and/or adequately equip the subject staircase with

Complaint and Demand for Jury Trial

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Boulevard, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Boulevard, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

handrails to assist passengers, including Plaintiff, in descending/ascending the subject staircase in a reasonably safe manner;

i. Failing to promulgate and/or enforce adequate policies and procedures aimed at warning passengers, and Plaintiff in particular, of the unreasonably dangerous and defective condition(s) that caused Plaintiff's injury;

j. Failing to use reasonably safe materials on the subject staircase;

k. Failure to close off and/or place warning signs on and/or around the unreasonably dangerous and defective area(s) of the subject staircase;

l. Failure to promulgate and/or enforce adequate policies and procedures to ensure that warning signs are placed on or around unreasonably dangerous and/or defective area(s) and/or that such area(s) are closed off;

m. Failing to analyze prior similar incidents/accidents aboard Defendant's vessels occurring in the same manner and/or area so as to remedy such dangerous and/or hazardous conditions;

n. Failure to correct dangerous and/or hazardous conditions following prior similar incidents/accidents that occurred in the same area and/or similar areas on Defendant's vessels;

o. Failure to have and implement adequate risk management procedures in place designed to reduce the occurrence of the type of accident suffered by the Plaintiff; and/or

p. Other acts or omissions which are revealed through discovery.

23. The above acts and/or omissions caused and/or contributed to Plaintiff being severely injured because Plaintiff's incident would not have occurred but for such acts and/or omissions.

24. At all times material hereto, the subject area was poorly designed, maintained, unreasonably dangerous, and defective.

6

Complaint and Demand for Jury Trial

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Boulevard, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

25.    At all times material hereto, Defendant PRINCESS knew of the foregoing conditions causing Plaintiff's accident and did not correct them.  Defendant PRINCESS' knowledge of the dangerous condition(s) was specifically acquired through (a) its designing and inspection of the subject area before this incident; (b) prior incidents causing personal injury to Defendant PRINCESS' passengers involving the same or similar staircases; and/or (c) Defendant's required analysis of evacuation on cruise ships to identify and eliminate potential hazards, such as the one encountered by Plaintiff.

26.    Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

27.    As a result of the negligence of Defendant PRINCESS, Plaintiff JAMES KRAJEWSKI was injured about his body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefore, incurred medical expenses in the care and treatment of Plaintiff JAMES KRAJEWSKI'S injuries and suffered physical handicap. The injuries are permanent and continuing in nature, and Plaintiff JAMES KRAJEWSKI will suffer losses and impairments in the future. In addition, Plaintiff JAMES KRAJEWSKI lost the benefit of his vacation, cruise, and transportation costs.

WHEREFORE Plaintiff JAMES KRAJEWSKI demands judgment for all damages recoverable under the law against Defendant PRINCESS and demands trial by jury.

### Prayer for Relief

WHEREFORE, the Plaintiff respectfully requests the Court enter judgment in his favor and against the Defendants as follows:

1.    To enter judgment in favor of the Plaintiff against Defendant on all causes of action as alleged herein;

Complaint and Demand for Jury Trial

2.    To award compensatory damages in the amount to be ascertained at trial;

3.    To award costs of suit and attorney's fees, as permitted by law;

4.    For prejudgment interest according to proof; and

5.    To enter such other and further relief as the Court deems just under the circumstances.

LIPCON MARGULIES & WINKLEMAN

DATED: September 6, 2023.

BY: *s/ Carol L. Finklehoffe*
     CAROL L. FINKLEHOFFE
     *Attorney for Plaintiff*

### Demand for Jury Trial

Plaintiff JAMES KRAJEWSKI hereby demands a trial by jury on all claims for relief.

LIPCON MARGULIES & WINKLEMAN

DATED: September 6, 2023.

BY: *s/ Carol L. Finklehoffe*
     CAROL L. FINKLEHOFFE
     *Attorney for Plaintiff*

Complaint and Demand for Jury Trial

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Boulevard, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204