Lisa M. Conner/CSBN 167903
lisac@fdw-law.com
Barbara E. Kennedy/CSBN 320630
barbarak@fdw-law.com
FLYNN, DELICH & WISE LLP
One World Trade Center, Suite 1800
Long Beach, California  90831-1800
Telephone/Fax: (562) 435-2626

Attorneys for Defendant
PRINCESS CRUISE LINES, LTD.

FLYNN, DELICH & WISE
ATTORNEYS AT LAW
One World Trade Center, Suite 1800
Long Beach, California  90831-1800
(562) 435-2626

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JAMES KRAJEWSKI,

          Plaintiff,

vs.

PRINCESS CRUISE LINES, LTD., a corporation for profit,

          Defendant.

Case No: 2:23-cv-07382 DDP(JPRx)

**ANSWER OF DEFENDANT PRINCESS CRUISE LINES, LTD. TO PLAINTIFF'S COMPLAINT**

**COMES NOW** Defendant Princess Cruise Lines, Ltd. (hereinafter "Defendant"), by and through its attorneys, Flynn, Delich & Wise LLP, to Answer Plaintiff's Complaint in the above-captioned matter, and Defendant admits, denies, and alleges as follows:

## **Jurisdiction**

1.    Defendant admits the allegations of Paragraph 1 of the Complaint.

2.    Defendant admits that jurisdiction is vested in the Court under the admiralty and maritime jurisdiction of this Court; otherwise, Defendant denies the allegations of Paragraph 2 of the Complaint.

3.      Defendant admits that jurisdiction is proper in this Court pursuant to 28 U.S.C. §1333 and the forum selection clause in the Passage Contract between Plaintiff and Defendant; otherwise, Defendant denies the allegations of Paragraph 3 of the Complaint.

4.      (a)      Defendant admits the allegations of Paragraph 4(a) of the Complaint.

(b)      Defendant admits the allegations of Paragraph 4(b) of the Complaint.

(c)      Defendant admits the allegations of Paragraph 4(c) of the Complaint.

(d)      Defendant admits the allegations of Paragraph 4(d) of the Complaint.

(e)      Defendant denies the allegations of Paragraph 4(e) of the Complaint.

(f)      Defendant admits the allegations of Paragraph 4(f) of the Complaint.

**The Parties**

5.      Defendant lacks knowledge or information sufficient to respond to Paragraph 5 of the Complaint, and therefore denies each and every allegation therein.

6.      Defendant admits the allegations of Paragraph 6 of the Complaint.

7.      Defendant admits that at all times material, it was and is a cruise line engaged in the business of marketing, selling and operating cruises out of various ports throughout the world, including Los Angeles, California; otherwise, Defendant denies the allegations of Paragraph 7 of the Complaint.

8.      Defendant admits that at all times material, it operated cruises out of various ports throughout the world, including Los Angeles; otherwise, Defendant denies the allegations of Paragraph 8 of the Complaint.

FLYNN, DELICH & WISE
ATTORNEYS AT LAW
One World Trade Center, Suite 1800
Long Beach, California 90831-1800
(562) 435-2626

- 2 -      Case No: 2:23-cv-07382 DDP(JPRx)

## GENERAL ALLEGATIONS

9. Defendant admits that at all times material, Defendant owned and operated the GRAND PRINCESS; otherwise, Defendant denies the allegations of Paragraph 9 of the Complaint.

10. Defendant admits the allegations of Paragraph 10 of the Complaint.

11. Defendant admits the allegations of Paragraph 11 of the Complaint.

12. Defendant has insufficient knowledge or information to respond to Paragraph 12 of Plaintiff's Complaint, and therefore denies the allegations of Paragraph 12.

13. Defendant has insufficient knowledge or information to respond to Paragraph 13 of Plaintiff's Complaint, and therefore denies the allegations of Paragraph 13.

14. Defendant denies the allegations of Paragraph 14 of the Complaint.

15. Defendant denies the allegations of Paragraph 15 of the Complaint.

16. Defendant admits the allegations of Paragraph 16 of the Complaint.

17. Defendant has insufficient knowledge or information to respond to Paragraph 17 of Plaintiff's Complaint, and therefore denies the allegations of Paragraph 17.

18. Defendant denies the allegations of Paragraph 18 of the Complaint.

19. Defendant denies the allegations of Paragraph 19 of the Complaint.

## COUNT I

## NEGLIGENCE AGAINST DEFENDANT PRINCESS

In response to Plaintiff's re-allegation and incorporation of Paragraphs 1-19 of the Complaint, Defendant incorporates its corresponding responses above, as if set forth fully herein.

20. Defendant admits it owed its passengers, including Plaintiff, a duty of reasonable care under the circumstances; otherwise, Defendant denies the allegations of Paragraph 20 of the Complaint.

FLYNN, DELICH & WISE
ATTORNEYS AT LAW
One World Trade Center, Suite 1800
Long Beach, California 90831-1800
(562) 435-2626

FLYNN, DELICH & WISE
ATTORNEYS AT LAW
One World Trade Center, Suite 1800
Long Beach, California 90831-1800
(562) 435-2626

21.     Defendant admits it owed its passengers, including Plaintiff, a duty of reasonable care under the circumstances; otherwise, Defendant denies the allegations of Paragraph 21 of the Complaint.

22.     Defendant denies the allegations of Paragraph 22 (including subparts "a"-"p") of the Complaint.

23.     Defendant denies the allegations of Paragraph 23 of the Complaint.

24.     Defendant denies the allegations of Paragraph 24 of the Complaint.

25.     Defendant denies the allegations of Paragraph 25 of the Complaint.

26.     Defendant denies the allegations of Paragraph 26 of the Complaint.

27.     Defendant denies the allegations of Paragraph 27 of the Complaint.

## Prayer for Relief

WHEREFORE, Defendant prays that Plaintiff take nothing by reason of his Complaint; that judgment be rendered in favor of Defendant; that Defendant be awarded its costs of suit incurred in defense of this action; and for such other and further relief as the Court deems proper.

## Demand for Jury Trial

Defendant acknowledges Plaintiff demands a jury trial.

## FIRST AFFIRMATIVE DEFENSE

1.     One or more of the causes of action in Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2.     The following will likely have evidentiary support after a reasonable opportunity for further investigation or discovery: Plaintiff's alleged accident, injuries, losses or damages, if and to the extent such in fact occurred, all of which is

- 4 -          Case No: 2:23-cv-07382 DDP(JPRx)

hereby denied, were partially or wholly caused or contributed to by Plaintiff's own carelessness and negligence and/or the carelessness and negligence of third parties.

### THIRD AFFIRMATIVE DEFENSE

3.      The following will likely have evidentiary support after a reasonable opportunity for further investigation or discovery: Plaintiff's alleged accident, injuries, losses or damages, if and to the extent such in fact occurred, all of which is hereby denied, were aggravated by his failure to exercise reasonable diligence to mitigate same.

### FOURTH AFFIRMATIVE DEFENSE

4.      Princess's liability, if any, for any injury, illness, loss or damage, is governed by and limited to the applicable provisions of the passage ticket contract entered into between the parties, each provision of which Defendant relies upon as a limitation or bar to Plaintiff's Complaint, including failure to give timely notice and failure timely to file suit.

### FIFTH AFFIRMATIVE DEFENSE

5.      Defendant is entitled to all the exemptions from and limitations of liability provided in or authorized by the laws of the United States and general maritime law, as applicable.

### SIXTH AFIRMATIVE DEFENSE

6.      The following will likely have evidentiary support after a reasonable opportunity for further investigation or discovery: In the unlikely event that a factfinder were to find the alleged condition to be unreasonably dangerous or to constitute a hazard, Plaintiff's alleged injuries, losses and/or damages, if any, were and are the result of an open, obvious, and apparent danger that was known to and recognized by the Plaintiff, but who nevertheless knowingly, willingly, intentionally, and voluntarily exposed himself to said danger, thereby assuming the risk of accident, injury, and damage.

- 5 -      Case No: 2:23-cv-07382 DDP(JPRx)

FLYNN, DELICH & WISE
ATTORNEYS AT LAW
One World Trade Center, Suite 1800
Long Beach, California 90831-1800
(562) 435-2626

FLYNN, DELICH & WISE
ATTORNEYS AT LAW
One World Trade Center, Suite 1800
Long Beach, California 90831-1800
(562) 435-2626

## SEVENTH AFFIRMATIVE DEFENSE

7.    The incident, injuries, losses and/or damages alleged by Plaintiff, if and to the extent such in fact occurred, all of which is hereby denied, pre-existed the incident alleged in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

8.    The incident, injuries, losses and/or damages alleged by Plaintiff, if and to the extent such in fact occurred, all of which is hereby denied, occurred subsequent to the incident alleged in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

9.    Plaintiff's alleged accident, injuries, losses or damages, if and to the extent such in fact occurred, all of which is hereby denied, were caused or contributed to by the faults of third parties for which Defendant is neither liable nor responsible.

WHEREFORE, Defendant prays that Plaintiff take nothing by reason of his Complaint; that judgment be rendered in favor of Defendant; that Defendant be awarded its costs of suit incurred in defense of this action; and for such other and further relief as the Court deems proper.

Date:  December 13, 2023         FLYNN, DELICH & WISE LLP


                                 By: */s/ Lisa M. Conner*
                                     Lisa M. Conner
                                     Barbara E. Kennedy
                                     Attorneys for Defendant
                                     PRINCESS CRUISE LINES, LTD.